UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HEATHER DAWN VANCE-ZSCHOCHE, | Case No. 3:11-cv-85-ST |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| BRIAN ALEXANDER DODD, | |
| Defendant. | |

STEWART, Magistrate Judge:

After requesting, but not appearing for a mediation, the parties submitted a Stipulated

Motion to Dismiss (docket #47).  Pursuant to the parties' desire to resolve their differences, this

court entered an Order dismissing this case (docket #48), but added that "this dismissal does not

incorporate all terms of the parties' Stipulation.  The Court will not seal any portion of this case

not previously sealed and will not enjoin any person or entity other than the named parties and

their agents."  Defendant, Brian Dodd, has now filed a Motion for Clarification of Dismissal

(docket #49).  As explained below, that motion is GRANTED, and the prior Order dismissing

this case is hereby VACATED.  However, this case is DISMISSED with prejudice due to the

failure to state a viable claim over which this court has subject matter jurisdiction and due to lack

of personal jurisdiction over Dodd.

1 – OPINION AND ORDER

## I. __Motion for Clarification__

Due to Dodd's apparent confusion over the language of the dismissal Order, the Court offers this further explanation in response to his Motion for Clarification.  First, the Stipulation included the language ordering "that the entire case styled above and case title and docket are permanently sealed, all cases directly related to this case are permanently sealed to conceal the whereabouts and pertinent information of the parties being Geneva Convention and/or ADA protected persons worthy of peace and quiet."  As Judge Mosman previously advised the parties when denying their motion to seal the entire case file (docket #17), a federal court in this circuit can seal judicial records only if the parties show compelling reasons supported by specific factual findings.  *Pintos v. Pac. Creditors Ass'n*, 605 F3d 665, 678 (9th Cir 2010).  Accordingly, this court has sealed only specific documents in order to protect Vance's contact information (docket #25) and also has removed the parties' addresses from the public docket.  Those documents will remain sealed, but this court cannot and will not seal any other part of this case, and certainly not the entire case and all directly related cases as the parties request.

Second, the Stipulation includes an order permanently restraining "all agents, servants, founders, management and former staff of Straight, Incorporated, a company [Dodd] employed and has been in active concert with" from, in essence, having anything to do with the parties.  It also permanently restrains Joseph Raymond Ybarra ("Ybarra") (Vance's former spouse who owes her child support) from contacting or having anything to with Vance and her family and employment.  In its Order of dismissal, this court declined to "enjoin any person or entity other than the named parties and their agents."  Neither Straight nor Ybarra are named parties in this case.

Pursuant to FRCP 65(d), this court may enter an order enjoining or restraining certain conduct, but that order "binds only . . . (A) the parties; (b) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation" with them.  The parties seem to believe that this court can restrain Straight, Incorporated ("Straight"), because it is an "obvious agent" or acts in active concert with Dodd.  That belief is incorrect.

At common law, "agency" was defined as a relationship that "results from the manifestation of consent by one person to another that the other shall act on behalf and subject to his control, and consent by the other so to act." *Hampton Tree Farms, Inc. v. Jewett*, 320 Or 599, 617, 892 P2d 683, 694 (1995) (internal quotation marks omitted).  The "agent" is the person in that relationship who acts on behalf of the other, the "principal."  RESTATEMENT (SECOND) OF AGENCY § 1 (1958).  "In sum, to be an 'agent'—using the well-defined legal meaning of that term—two requirements must be met: (1) the individual must be subject to another's control; and (2) the individual must 'act on behalf of' the other person." *Vaughn v. First Transit, Inc.*, 346 Or 128, 135-36, 206 P3d 181, 186 (2009).

As Dodd admits, he "is a staff employee of Straight, Incorporated either under its prior or present business names and titles" (docket #49, ¶ 23).  As an employee, Dodd is an agent of and subject to the control of Straight and acts on its behalf, and not the other way around.  If Dodd had the ability to control Straight as his agent, then he would have no need to ask the court to order Straight to leave him alone.

Based on the pleadings filed in this case, nothing supports the conclusion that Straight is an agent of Vance or Dodd or acting in active concert with them.  Therefore, this court cannot and will not enter an order restraining Straight's conduct.

Furthermore, nothing in the pleadings provides any basis for this court to enjoin any conduct by Ybarra, another nonparty. Vance has obtained a restraining order against Ybarra in state court to stop his stalking, threats, and assaults which he has violated (docket #49, ¶ 27). That restraining order ends in a few months. *Id,* ¶ 30. However, federal courts lack jurisdiction over domestic relations matters. As explained by the Ninth Circuit:

> The strong state interest in domestic relations matters, the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state makes federal abstention in these cases appropriate.

*Coats v. Woods*, 819 F2d 236, 237 (9th Cir), *appeal dismissed and cert denied*, 484 US 802 (1987), quoting *Peterson v. Babbitt*, 708 F2d 465, 466 (9th Cir 1983) (*per curiam*).

Therefore, to obtain any restraining order against Ybarra, Vance must go to state court.

Third, to obtain an injunction or restraining order, a party must submit evidence of "irreparable injury and the inadequacy of legal remedies." *Weinberger v. Romero-Barcelo,* 456 US 305, 312 (1982); *Stanley v. Univ. of So. Cal.,* 13 F3d 1313, 1320 (9th Cir 1994). An injunction never issues as a matter of course or request by the parties:

> In each case, a court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief. Although particular regard should be given to the public interest . . . a federal judge sitting as chancellor is not mechanically obligated to grant in injunction for every violation of law.

*Amoco Prod. Co. v. Village of Gambell, Alaska,* 480 US 531, 542 (1987).

According to the allegations, Vance was placed in a drug rehabilitation program operated by Straight in Michigan for two years from 1991 through 1993. First Amended Complaint, ¶ 25. She describes Straight, which was founded by Melvin and Betty Sembler and managed by Virgil

Newton, as a cult that abused and tortured her, causing her to suffer extreme emotional and mental distress, including traumatic amnesia. *Id,* ¶¶ 13, 24, 26-39. Dodd worked as a staff employee at Straight and, through his access to confidential documents, knew that Vance and others were being harmed, yet did nothing. *Id,* ¶¶ 19-22. Until recently, he harassed Vance and other survivors of Straight and acted as an unpaid informant for others. *Id,* ¶ 46. However, other persons working in concert with the founders of Straight began harassing Dodd in 2010-11, causing him to obtain an injunction, presumably against them. *Id*, ¶¶ 48-50.

Vance has sued only Dodd and only because he failed to report and stop the crimes committed against her and others by Straight. In fact, she specifically alleges that he "has not violated any criminal, federal, and state laws." *Id*, ¶ 55. At the status conference on July 13, 2011 (docket #43), Dodd expressed an interest in cooperating with Vance, but reported that he cannot pay her any damages and has the same interest as Vance in preventing any future contact with anyone associated with Straight. In fact, Dodd has filed his own federal and related state lawsuits for that very purpose (docket #49, ¶ 24). Given that Dodd is no longer harassing Vance, there is no irreparable injury that either Vance or Dodd will inflict on one another and, hence, no basis for any injunction by either of them to restrain the other.

The problem appears not to be Vance or Dodd, but Straight and others acting on its behalf. However, neither Straight (which is no longer in business) nor anyone other than Dodd are parties to this case and likely are unaware of its existence. The allegations in this case are wholly insufficient for this court to enter the type of restraining order requested by the parties. The parties may agree to anything they want, but this court is not at liberty to grant any request they make. It must not only have jurisdiction, but a factual and legal basis to enter an order to restrain any person's conduct, especially a nonparty.

According to Dodd's pending motion, the parties would not have agreed to their Stipulation if the court would not grant all of the relief they request.   Since this court cannot grant all of that relief, it hereby VACATES the Order of Dismissal (docket #48).

## II.  Lack of Jurisdiction

The First Amended Complaint alleges the following with respect to invoking this court's jurisdiction:

> 3. This Court has jurisdiction pursuant to 28 U.S.C. § [1]332(a), the amount in controversy exceeds $75,000.00 exclusive of interests and costs, there is diversity of citizenship.
> 4. This Court has jurisdiction of the Plaintiff who resides in the State of Oregon.
> 5. This Court has jurisdiction pursuant to international law, to invocation of rights of survivors of war and torture, empowered through all the Geneva Conventions, and jurisdiction for declaratory and injunctive relief pursuant  to 42 U.S.C. § 1983 for past injury to Plaintiffs rights guaranteed by the First, Fourth, Eighth and Fourteenth Amendments of the U.S. Constitution, and deprivation of rights to the Plaintiff.
> 6. This Court has jurisdiction pursuant to the Uniform Commercial Code (UCC).
> 7. This Court has jurisdiction pursuant to 42 USC Chapter 112 of the Victim Compensation and Assistance, and the Justice for All Act of 2004.
> 8. This Court has jurisdiction to invoke a Special Grand Jury and Special Prosecutor, as well as command investigations into the factual crimes depicted hereunder.  For relief: Plaintiff below demands a convening of a Special Prosecutor and a Federal Grand Jury.

Vance alleges four claims:  Deprivation of Civil Rights under the Fourth, Fifth and Fourteenth Amendments (42 USC § 1983) (Count I), Abnormally Dangerous Activity (Uniform Commercial Code) (Count II), Victims of Crime Compensation (42 USC § 4566) (Just for All Act of 2004) (Count III), and Request for Federal Grand Jury (Count IV).   She seeks numerous orders, including:  commanding the FBI to investigate Straight, Sembler Company, Drug Free America Foundation, Inc. and Straight's founders for various crimes (¶ 86); compelling, making and/or recommending the International Criminal Court in The Hague to investigate the founders of Straight for crimes against humanity and international crimes (¶ 87); recommending and/or

requiring Straight's founders to pay restitution and reparations to Straight's survivors (¶ 88);

introducing federal legislation to provide restitution to Straight's survivors (¶ 89); permanently

enjoining Straight and its officer and founders from doing anything to her, Dodd, and other

Straight survivors (¶ 90); making the Office for Victims of Crime ("OVC") for the State of

Florida and Michigan pay damages to her (¶¶ 91-93); and a variety of other orders to benefit her,

Dodd and other Straight survivors (¶¶ 92-127).

### A. **Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction and cannot hear every dispute presented

by litigants. *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F2d 1221,

1225 (9th Cir 1989). A district court is empowered to hear only those cases which are within the

judicial power conferred by the United States Constitution and those which fall within the area of

jurisdiction granted by Congress. *Richardson v. United States*, 943 F2d 1107, 1112-13 (9th Cir

1991), *cert denied*, 503 US 936 (1992). Original jurisdiction must be based either on diversity of

citizenship, involving suits involving more than $75,000.00 between citizens of different states,

28 USC § 1332, or on a claim involving the Constitution, laws, or treaties of the United States,

28 USC § 1331. Pursuant to FRCP 12(h)(3), the court "must dismiss the action" if it

"determines at any time that it lacks subject-matter jurisdiction."

### 1. **Federal Question Jurisdiction**

Vance seeks to invoke federal question jurisdiction based on: (1) "international law, to

invocation of rights of survivors of war and torture, empowered through all the Geneva Conventions,

and jurisdiction for declaratory and injunctive relief pursuant to 42 USC § 1983 for past injury to

[her] rights guaranteed by the First, Fourth, Eighth and Fourteenth Amendments of the U.S.

Constitution, and deprivation of rights to" her; and (2) "42 USC Chapter 112 of the Victim

Compensation and Assistance, and the Justice for All Act of 2004." First Amended Complaint, ¶¶ 5,

7. However, she only pleads claims under 42 USC § 1983 (Count I) and two federal acts concerning crime victims (Count III). Therefore, international law is irrelevant to this court's jurisdiction.

Federal question jurisdiction exists only when a federal question is presented "on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 US 386, 392 (1987), citing *Gully v. First Nat'l Bank,* 299 US 109, 112-13 (1936). Such jurisdiction is unavailable if the federal claim upon which it is based is patently without merit. *Yokeno v. Mafnas*, 973 F2d 803, 808 (9th Cir 1992).

Count I alleges a claim against Dodd under 42 USC § 1983 based on the violation of the Fourth, Fifth, and Fourteenth Amendments. Section 1983 provides, in part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In order to state a § 1983 claim, a plaintiff must allege facts showing that he or she was deprived of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. *L.W. v. Grubbs*, 974 F2d 119, 120 (9th Cir 1992), *cert denied*, 508 US 951 (1993). A private person acts under color of state law if he or she willfully participates in joint action with state officials to deprive others of their constitutional rights or cloaks himself or herself with the authority of state law. *Dang Vang v. Vang Xiong X. Toyed*, 944 F2d 476 (9th Cir 1991).

Vance does not allege a viable a cause of action against Dodd under § 1983. She does not allege that Dodd was a government actor or acting under color of state or federal law.

Instead, she alleges that he was employed by Straight, a private corporation. Constitutional violations do not apply to private citizens or corporations because "private parties are not generally acting under color of state law." *Price v. Hawaii*, 939 F2d 702, 707-08 (9th Cir 1991), *cert denied*, 503 US 938 (1992). While "a claim may lie against a private party who is a willful participant in joint action with the State or its agents," a "bare allegation of such joint action" will not suffice to avoid dismissal. *Dietrich v. John Ascuaga's Nugget*, 548 F3d 892, 900 (9th Cir 2008) (internal quote marks and citations omitted). Vance does not allege that Dodd acted jointly with any State or its agents, nor could she.

In addition, any claim under § 1983 is subject to a statute of limitations. Because § 1983 does not have an express statute of limitations, federal courts borrow the state statute of limitations for personal injury actions. *Owens v. Okure*, 488 US 235 (1989); *Wilson v. Garcia*, 471 US 261 (1985). In this case, "Oregon's two-year statute of limitations for personal injury actions [ORS 12.110(1)] applies" to plaintiff's § 1983 claims. *Cooper v. City of Ashland*, 871 F2d 104, 105 (9th Cir 1989). Vance alleges that she was Straight's client from 1990 to 1993. Even assuming that she was a minor at that time and that the statute of limitations was suspended until she turned 18 years of age (*see* ORS 12.160), she has filed her claim many years too late.

Therefore, on its face, Count I fails to state a legal theory upon which Vance can obtain any damages against Dodd and upon which federal question jurisdiction may be based.

Count III refers in its caption to 42 USC § 4566, but there is no such statute. Given the reference in paragraph 7, Vance may instead be referring to the Crime Victim Compensation and Assistance Act, 42 USC Ch. 112. However, that Act merely requires the Office for Victims of Crime within the Department of Justice to raise funds in order to make an annual grant to eligible state crime victim compensation programs. 42 USC §§ 10602, 10605. It also gives crime

victims the right to receive certain information and notices, but specifically disclaims any cause of action to a crime victim. *See* 42 USC § 10607(d).

The substance of Count III is premised upon Vance's right as a crime victim to be entitled to compensation from the Office for Victims of Crime ("OVC") which is located in each state. First Amended Complaint, ¶¶ 44-45, 77-78. Vance alleges that she was not aware of the OVC until 2011 as "a way to recover back wage loss as a result of Straight." *Id,* ¶ 80. However, the OVC is not a federal program over which this court has any jurisdiction. This claim also cites Section 3771 of the Justice for All Act of 2004, 18 USC § 3771. *Id,* ¶ 82. That Act does provide certain rights to victims of crimes, but those rights are "asserted in the district court in which a defendant is being prosecuted for the crime or, if no prosecution is underway, in the district court in the district in which the crime occurred." 18 USC § 3771 (d)(3). There is no pending criminal prosecution at issue here. In addition, the Act expressly provides no cause of action for damages to the victim. 18 USC § 3771(d)(6). Hence, Vance cannot state any claim against Dodd for damages for violation of a federal law based on her rights as a crime victim.

The other two claims do not involve any federal question. Count II alleges a claim under the Uniform Commercial Code ("UCC"). The UCC is simply a model statute which many states, including Oregon, have codified. Neither the UCC nor Oregon's commercial code involve any federal law. In Count IV, Vance demands that the Grand Jury investigate the crimes committed by Straight. In federal court, the prosecution of crimes is solely the function of the United States Attorney on behalf of the Department of Justice. This court has no jurisdiction to request or force the United State Attorney to convene a Grand Jury.

Because Counts I and III fail to state any potentially viable claim against Dodd, this court has no federal question jurisdiction.

## 2. **Diversity Jurisdiction**

Alternatively, Vance seeks to invoke diversity jurisdiction which requires that all plaintiffs be of different citizenship than all defendants. *Pullman Co. v. Jenkins*, 305 US 534, 541 (1939). To establish diversity jurisdiction, Vance must allege that she and Dodd are citizens of different states and must seek damages of more than $75,000.00.

Vance alleges that she resides in the State of Oregon. "It is black letter law that, for purposes of diversity, '[r]esidence and citizenship are not the same thing.'" *Seven Resorts, Inc. v. Cantlen*, 57 F3d 771, 774 (9th Cir 1995), citing *Mantin v. Broadcast Music, Inc.*, 244 F2d 204, 206 (9th Cir 1957). However, this court assumes, without deciding, that Vance is also a citizen of Oregon for purposes of diversity jurisdiction.

The First Amended Complaint contains no allegation as to the citizenship of Dodd. However, based on other information provided to the court, he does not reside in, and presumably is not a citizen of, Oregon. Thus, this court assumes, without deciding, that the parties are citizens of different states.

However, Vance also must allege damages of more than $75,000.00. The amount in controversy is generally determined from the face of the pleadings. Dismissal is proper where the pleadings make it clear "to a legal certainty that the claim is really for less than the jurisdictional amount . . ." *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 US 283, 289 (1938); *see also Christensen v. Northwest Airlines, Inc.,* 633 F2d 529, 530-31 (9th Cir 1980) (dismissal upheld because "[i]t is clear to a legal certainty that appellant's unliquidated tort claim could not sustain a judgment of over" the jurisdictional minimum).

Vance alleges that she has suffered emotional and mental distress over a three-year period of time while at Straight, but fails to allege any specific amount of damages that she seeks as a result.  Instead, at the end of each claim she seeks damages against Dodd "which meet the jurisdictional requirements of this court," including "compensatory damages and interest, exemplary or punitive damages."  This court notes, however, that she also seeks to recover $50,000.00 as the minimum amount recoverable as a crime victim from the State of Florida.  Thus, giving Vance the benefit of a doubt, she could well have suffered compensatory and punitive damages that exceed $75,000.00.

However, a dismissal for lack of jurisdictional amount is proper "when a rule of law or limitation of damages would make it virtually impossible for a plaintiff to meet the amount-in-controversy requirement."  *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.,* 802 F2d 362, 364 (9th Cir 1986) (damages capped by applicable Nevada Innkeeper Statute).  As discussed above, Vance cannot recover any damages against Dodd on Count I (§ 1983), Count III (crime victim acts), or Count IV.

Furthermore, Count II does not provide any viable legal theory to recover damages from Dodd.  Count II alleges that Dodd, the founders of Straight and Newton breached the implied and express warranties of merchantability in § 2-314 and § 2-315 of the UCC by selling defective "treatment modalities and torture," "therapies," and "physical restraining policies."  First Amended Complaint, ¶¶ 64-66, 69.  However, Vance can state no claim against Dodd for breach of these warranties.  Oregon has codified the UCC warranties of merchantability in ORS 72.3140 and 72.3150.  These warranties apply only "to transactions in goods."  ORS 72.1020.  "Goods" are defined in ORS 72.1050(1) as "all things (including specially manufactured goods) which are movable. . . ."  Treatments, therapies and policies are services; they are not movable things and,

therefore, are not goods.  Furthermore, Vance is not a "buyer" and Dodd is not a "seller" of anything.  Instead, if anyone bought anything, Vance's parents bought drug rehabilitation treatment services for their daughter from Straight.  Vance is mistaken that she has any claim under the UCC (as codified in Oregon) against Dodd or anyone else in connection with Straight's conduct.

In sum, Vance has failed to allege any viable claim against Dodd for damages. Therefore, this court has no diversity jurisdiction.

### B.  Personal Jurisdiction

In addition, Dodd cannot be sued in this court because he is not subject to personal jurisdiction in Oregon.  Whenever a judgment is sought against a defendant personally, such as for money damages or an injunction, the court must have personal jurisdiction over the defendant.  Plaintiff has the burden to allege and prove sufficient facts to establish personal jurisdiction over defendants.  *Brainerd v. Governors of the Univ. of Alberta*, 873 F2d 1257, 1258 (9th Cir 1989).  "[A] federal district court can assert personal jurisdiction to the extent authorized by a particular federal statute governing service of process for the action being heard or, where no such particularized statute applies, to the extent authorized by the law of the state in which the district court sits."  *T.M. Hylwa, M.D., Inc. v. Palka*, 823 F2d 310, 312 (9th Cir 1987).  Since no particular federal statute governs service of process for the action alleged here, Oregon law applies.

Oregon permits a court to exercise jurisdiction over any party so long as "prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States."  ORCP 4L.  Oregon's long-arm statute is coextensive with the limits of federal due process.  *Gray & Co. v. Firstenberg Mach. Co.*, 913 F2d 758, 760 (9th

Cir 1990).  Thus, a plaintiff must establish that jurisdiction is proper under Oregon's long arm statute and that it comports with the requirements of due process.  *Lake v. Lake*, 817 F2d 1416, 1420 (9th Cir 1987).

Dodd does not reside in Oregon.  "Due process requires that nonresident defendants have certain minimum contacts with the forum so that maintenance of a suit does not offend traditional notions of fair play and substantial justice."  *Federal Deposit Ins. Corp. v. British-American Ins. Co, Ltd.*, 828 F2d 1439, 1441-42 (9th Cir 1957).  The constitutional test may be satisfied by a finding of either general jurisdiction or specific jurisdiction.  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F2d 834, 839 (9th Cir 1986).  General jurisdiction exists when a defendant has "continuous and systematic"  or "substantial" contacts with the forum state. *Federal Deposit Ins. Corp.*, 828 F2d at 1442; *Lake*, 817 F2d at 1420.  To establish specific jurisdiction, a three-part test must be satisfied:  "1) the nonresident defendant must have purposefully availed himself of the privilege of conducting activities in the forum by some affirmative act or conduct; 2) plaintiff's claim must arise out of or result from the defendant's forum-related activities; and 3) exercise of jurisdiction must be reasonable."  *Roth v. Garcia Marquez*, 942 F2d 617, 620-21 (9th Cir 1991) (emphasis in original).  The plaintiff must establish each of these factors for jurisdiction to lie.  *McGlinchy v. Shell Chem. Co.*, 845 F2d 802, 817-18 n10 (9th Cir 1988)

Vance's claims against Dodd do not arise out of any alleged activities by him in Oregon, but instead arise out of his activities in Florida when he was employed by Straight.  In the absence of any attempt to show that he purposefully availed himself of the privilege of conducting activities in Oregon, all claims against him must be dismissed for lack of personal jurisdiction.  *See, e.g., Sher v. Johnson*, 911 F2d 1357, 1361 (9th Cir 1990); *Sanders v. United*

*States*, 760 F2d 869, 871 (8th Cir 1985) (affirming dismissal under 28 USC § 1915(d) for want of personal jurisdiction).

###    C. <u>Conclusion</u>

This court also lacks federal question jurisdiction because Dodd is not a proper defendant on either the § 1983 claim or the crime victim acts claim. This court also lacks diversity jurisdiction because, even if Vance suffered damages that exceed $75,000.00, she cannot recover any damages from Dodd under any legal theory alleged in the First Amended Complaint. In addition, this court lacks personal jurisdiction over Dodd.

If it is clear that a complaint's deficiencies cannot be cured by amendment, dismissal without amendment is appropriate. *See Noll v. Carlson,* 809 F2d 1446, 1448 (9th Cir 1987). Since the deficiencies in Vance's First Amended Complaint cannot be cured by amendment, the dismissal must be without the right to amend.

<u>**ORDER**</u>

For the reasons stated above, Dodd's Motion for Clarification of Dismissal (docket #49). is GRANTED, the prior Order dismissing this case (docket #48) is hereby VACATED, and this case is DISMISSED with prejudice.

DATED this 11th day of January, 2012.

s/  Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge